**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**In Re:**

**DOW CORNING CORPORATION,**

    **Reorganized Debtor.**

_____

**Carol Taylor,**

    **Plaintiff,**

**v.**

**DCC Litigation Facility Incorporated,**

    **Defendant.**
_____/

Case No. 05-CV-30003

Honorable Denise Page Hood

**MEMORANDUM OPINION AND ORDER**

**I.    BACKGROUND/FACTS**[1]

Defendant Dow Corning Corporation Litigation Facility ("Litigation Facility") filed the instant motion for summary judgment claiming that it is entitled to summary judgment because Dow Corning did not manufacture Plaintiff Carol Taylor's breast implants. To date, no response to the motion has been filed by Plaintiff. A hearing was held on the matter and no one appeared on behalf of Plaintiff.

Plaintiff received breast implants manufactured by McGhan Medical Corp. ("McGhan") in 1982 and Heyer-Schulte implants in December 1974. The Litigation Facility admits that Dow Corning has supplied to certain breast implant manufacturers the two major components used to

---

[1] The following published opinions provide a detailed history of this bankruptcy action: *In re Dow Corning Corp.,* 255 B.R. 445 (E.D. Mich. 2000), 86 F.3d 482 (6th Cir. 1996), 113 F.3d 565 (6th Cir. 1997), 280 F.3d 648 (6th Cir. 2002), and 456 F.3d 668 (6th Cir. 2006).

make silicone breast implants: 1) silicone dispersion used to make the elastomer outer envelope or shell, and 2) mammary gel, sold in two parts (A and B) that were then combined to make the implant's gel filling. However, Dow Corning claims there is no evidence that these components were ever supplied by Dow Corning to McGhan or used in any McGhan implants. Dow Corning also claims that Plaintiff received her Heyer-Schulte implants prior to Dow Corning providing any medical grade silicone gel fluids to Heyer-Schulte in March 1976.

The Litigation Facility submitted evidence supporting its claim that McGhan breast implants do not contain any silicone materials manufactured by Dow Corning based on discovery taken in the early to mid 1990s in *In re Coordinated Breast Implant Litigation*. McGhan was founded by Donald McGhan in November 1974, along with some employees. The Litigation Facility has now filed its summary judgment motions claiming that the claimants in Class 8, those with McGhan implants, will be unable to meet the initial threshold of product identification. The Litigation Facility also submitted evidence showing that Dow Corning did not provide any medical grade silicone gel fluids to Heyer-Schulte prior to March 1, 1976.

## II.  ANALYSIS

### A.  Summary Judgment Standard of Review

Rule 56(c) provides that summary judgment should be entered only where "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence

is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

### B. Product Identification

#### 1. Standard

"The threshold requirement of any products liability action is identification of the injury-causing product and its manufacturer." *Roberts v. Owens Corning Fiberglas Corp.,* 726 F. Supp. 172, 174 (W.D. Mich. 1989) (citing *Abel v. Eli Lilly & Co.,* 418 Mich. 311, 324 (1984)). In a product liability action, a plaintiff bears the ultimate burden of proving causation. A defendant is entitled to summary judgment unless a plaintiff can point to evidence to allow a reasonable jury to find that a product or material made by the defendant caused plaintiff's injury. *Roberts,* 726 F. Supp. at 173-74. In the absence of adequate product identification, there can be no proof of causation and summary judgment should be granted. *Id.* at 174.

### 2. McGhan/Class 8 Claims

McGhan was founded in November 1974 and began marketing its first silicone gel breast implant in March 1975. (DCCLF Ex. 4) From 1975 through 1976, McGhan used components supplied by General Electric ("GE") for its silicone gel filling and silicone elastomer shell. (DCCLF Exs. 6 and 7) T. Jan Varner, one of McGhan's co-founders and product manager, testified that Dow Corning played no role in the design of the McGhan implants. (DCCLF Ex. 7)

GE discontinued selling silicone products for human implantation and terminated its supply relationship with McGhan in 1976. McGhan thereafter designed and manufactured its own silicone for use in its breast implants. (DCCLF Ex. 6) The McGhan components mimicked the components supplied by GE. (DCCLF Ex. 10) Donald McGhan, a co-founder, testified that the components for the shell of its implants remained substantially the same as those supplied by GE since GE was cooperating with McGhan to ensure that the components were the same. (DCCLF Ex. 11) Mr. McGhan further testified that McGhan did not use Dow Corning components for McGhan's breast implant gels or shells. (DCCLF Ex. 11) Mr. Varner's successor, William Oppelt, testified that McGhan implants did not contain any materials manufactured by Dow Corning. (DCCLF Ex. 12)

As to suggestions that Dow Corning briefly supplied mammary gel components in Parts A and B to McGhan as a back-up supply source during the transition in 1976 from GE as a supplier to in-house manufacture of its own gel, Mr. Varner testified that although there may have been some sample quantities of Dow Corning gel in-house, Dow Corning products were not used commercially by McGhan. (DCCLF Ex. 7)

In June 1977, McGhan was acquired by 3M as a subsidiary, which later merged into 3M in December 31, 1980. (DCCLF Ex.43) 3M/McGhan continued to make its own gel and dispersion

4

for elastomer. (DCCLF Ex. 8)

The McGhan line was sold by 3M to Donald McGhan, creating a "new" McGhan in 1984. (DCCLF Ex. 4) McGhan began to purchase the components for its breast implants from its own subsidiary, McGhan-Nusil, in order to reduce its dependency on outside suppliers. (DCCLF Ex. 9) A McGhan brochure from the mid-1980s to plastic surgeons described its gel as "high performance silicone elastomer" contrasting it to the elastomer manufactured by Dow Corning Wright. (DCCLF Ex. 13) McGhan's materials were proprietary and McGhan did not share its formulas with Dow Corning. (DCCLF Ex. 7)

Plaintiff has not submitted a response to the motion. Plaintiff has not shown in any of her responses to the Questionnaires or her medical records that Dow Corning provided any components used in the manufacture of her McGhan implants. The Litigation Facility has submitted sufficient evidence showing that Dow Corning did not supply any of the components used in the McGhan implants. The Litigation Facility is entitled to summary judgment on Plaintiff's McGhan/Class 8 claims.

### 3. Heyer-Schulte/Class 7 Claims

The Litigation Facility submitted an affidavit of James Curtis, Technology Leader, Medical Device Operations for Dow Corning stating, "[b]ased on Dow Corning sales records, there were no sales of Dow Corning medical grade silicone gel fluids to Heyer-Schulte with invoice dates prior to March 1, 1976." (DCCLF Ex. 2, ¶ 10) Dow Corning sold approximately 100 tons of medical grade silicone gel fluids to Heyer-Schulte between March 1, 1976 and May 29, 1984. (DCCLF Ex. 2, ¶ 8) Plaintiff's own medical records and Questionnaire responses indicate she received her Heyer-Schulte implants on December 10, 1974. (DCCLF Exs. 15, 16)

5

Plaintiff has not submitted a response to the motion. Plaintiff is unable to show that Dow Corning supplied medical grade silicone gel fluids to Heyer-Schulte used in her breast implants received in December 1974. Dow Corning did not provide medical grade silicone gel fluids to Heyer-Schulte until March 1, 1976. Summary judgment must be entered in favor of the Litigation Facility on Plaintiff's Heyer-Schulte/Class 7 claims.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Litigation Facility's Motion for Summary Judgment against Plaintiff **(Docket No. 3, filed October 12, 2007)** is GRANTED and this case is DISMISSED with prejudice.

                                        */s/ Denise Page Hood*
                                        DENISE PAGE HOOD
                                        United States District Judge

DATED: March 31, 2008

---

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on this date, April 1, 2008, by electronic means and/or first class U.S. mail.

                                        S/Sakne Srour
                                        Deputy Clerk